# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| KENNETH LEE BROWN, | * |
| | * |
| Plaintiff, | *   CIVIL ACTION NO.: 2:22-cv-80 |
| | * |
| v. | * |
| | * |
| JESSIE WILLIAMS, DAVID STOKES, and STANLEY SHEPARD, | * |
| | * |
| Defendants. | * |

## ORDER

The Magistrate Judge issued a Report, recommending the Court grant Defendants' motion to dismiss and dismiss all pending claims based on Plaintiff's failure to exhaust his administrative remedies. Dkt. No. 21. Plaintiff objects to that recommendation. Dkt. No. 24. For the following reasons, the Court **OVERRULES** Plaintiff's Objections.

In their motion to dismiss, Defendants argue Plaintiff filed two grievances during the relevant time, but those grievances did not pertain to the incidents forming Plaintiff's claims in this case. Additionally, Plaintiff did not appeal the denial of either of those grievances or any other grievances. In response, Plaintiff asserts he filed another grievance on December 3, 2021, about the alleged incident (one not identified

in Plaintiff grievance history records), but prison officials never responded to the grievance.  Plaintiff argues he could not appeal this grievance because prison officials never responded to it, and, therefore, he exhausted all available administrative remedies.  In his Report, the Magistrate Judge rejected Plaintiff's argument, concluding even if Plaintiff did file the missing grievance, Plaintiff was still required to appeal the denial of or non-response to the grievance, even if that required submission of an out-of-time appeal, but Plaintiff did not do so.

In his Objections, Plaintiff argues he could not have filed an appeal prior to filing his Complaint because that process was unavailable to him.  Plaintiff acknowledges the governing Standard Operating Procedure ("SOP") states an inmate can appeal through a kiosk or by submission of a written appeal form.  But Plaintiff contends he could not appeal through a kiosk because an inmate can only use the kiosk to appeal grievances that were initially submitted on the kiosk, and Plaintiff claims he submitted the December 3, 2021 grievance on paper.  This argument fails because Plaintiff provides no support for his claim that only grievances initiated on kiosks can be appealed through kiosks.  Plaintiff also contends he could not submit a paper appeal because prison officials would not provide him with the required form.  Again, Plaintiff provides no support for

2

this claim, aside from his self-serving statements. Even accepting Plaintiff's representation, Plaintiff also fails to show he made any effort to submit an appeal on plain paper or made any deliberate effort to obtain appeal forms.

Perhaps most important, Plaintiff fails to show he was precluded from submitting his out-of-time appeal between February 2022 (once the warden's time to respond to the December 3, 2021 grievance expired) and August 22, 2022 (when Plaintiff signed his Complaint). The record undermines any such assumption. During that time, Plaintiff filed two other unrelated grievances—one on paper and one through JPay—and in one of those grievances complained about prison officials failing to provide an appeal form to appeal a disciplinary hearing result.[1] Yet nothing in the record shows Plaintiff took any action related to the missing December 3, 2021 grievance in the many months that followed. In short, Plaintiff contends—without pointing to any supporting evidence—he filed an appropriate grievance, that grievance was lost or destroyed, and prison officials willfully precluded Plaintiff from appealing that grievance while still allowing Plaintiff to file and pursue other grievances about unrelated events. Plaintiff's contentions are wholly without support. Based on this record,

---

[1] Notably, Plaintiff did not appeal the denial of either of the two unrelated grievances.

3

the Court concurs with the Magistrate Judge's conclusion that Plaintiff has not shown he exhausted all available administrative remedies.

Plaintiff also contends the Magistrate Judge erred by considering issues outside of the pleadings. As the Magistrate Judge observed, "When ruling on a motion to dismiss for failure to exhaust administrative remedies, the court may consider evidence outside the pleadings." White v. Berger, 709 F. App'x 532, 541 (11th Cir. 2017) (citing Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008)("A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record.")). Both parties submitted argument or evidence on the issue of exhaustion and the availability of the grievance process. Both parties had sufficient opportunity to develop the record, and the Court may resolve disputed factual issues in a motion to dismiss. On this record, Plaintiff has failed to show his claims should not be dismissed for failure to exhaust administrative remedies.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The

4

Court **GRANTS** Defendants' Motions to Dismiss, **DISMISSES** Plaintiff's Complaint without prejudice, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

**SO ORDERED**, this 18 day of September, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)